UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CR05-152-RSL |
| Plaintiff, | ) ) | |
| v. | ) ) | DETENTION ORDER |
| HUONG THANH NGUYEN, | ) ) | |
| Defendant. | ) ) | |

Offense charged:

    Bank Fraud

Date of Detention Hearing: June 17, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    The defendant has been indicted in a 44 count bank fraud case involving what the government describes as an extensive, sophisticated operation whereby personal and confidential information of Starbucks employees was obtained to create false identification documents, which were provided to other individuals to cash at various locations in this District and around the

DETENTION ORDER                                                    15.13
18 U.S.C. § 3142(i)                                                Rev. 1/91
PAGE 1

country.

(2) Defendant was born in Vietnam, and is a lawful resident of the United States, entering this country in 1993, where he has resided in California. He has no ties to this District. Some of his background information was verified by his girlfriend, whom the AUSA contends was an active participant in the alleged bank fraud scheme, and into whose bank account the defendant is alleged to have deposited a significant quantity of proceeds from the operation. (3) Defendant has a criminal history that includes false reporting of a crime, burglary, forgery, impersonation to get money/property, and grand theft.

(4) Defendant poses a risk of nonappearance due to the ability to create new identification documents and access illegitimate funds, as well as lack of ties to this District. He poses a risk of danger due to criminal history and the nature of the offense.

(5) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to

1  counsel for the defendant, to the United States Marshal, and to the United States
2  Pretrial Services Officer.
3  DATED this  17th  day of June, 2005.

                                                _____
                                                Mary Alice Theiler
                                                United States Magistrate Judge

DETENTION ORDER  
18 U.S.C. § 3142(i)  
PAGE 3

15.13  
Rev. 1/91